**Thyra A. GRIFFIN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**

and

**District of Columbia Government, Respondents.**

No. 04–3084.

United States Court of Appeals, Federal Circuit.

DECIDED: May 10, 2004.

Thyra A. Griffin, Washington, DC, pro se.

Mary L. Wilson, Cristina C. Ashworth, Principal Attorneys, Todd M. Hughes, Of Counsel, David M. Cohen, Of Counsel, Department of Justice, Paul St. Hillaire, Of Counsel, Office of Personnel Management, Washington, DC, for Respondents.

Before BRYSON, GAJARSA, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

This is an appeal from a decision of the Merit Systems Protection Board disposing of claims by petitioner Thyra A. Griffin that she was improperly terminated from her employment with the District of Columbia government and that she was improperly denied service credit toward her civil service retirement annuity. Docket Nos. DC–0831–02–0150–I–1 and DC–0752–02–0259–I–1, 95 M.S.P.R. 294, 2003 WL 22259476 (2003). The Board dismissed the claim against the District of Columbia for lack of jurisdiction and affirmed the decision of the Office of Personnel Management ("OPM") concerning her annuity. We *affirm.*

## BACKGROUND

Ms. Griffin was employed by the District of Columbia Department of Corrections, an arm of the District of Columbia government. Because of an on-the-job injury, she went on leave without pay status and was granted worker compensation benefits starting in June 1995. On May 9, 1996, Ms. Griffin applied for disability retirement. Her application was submitted to OPM, which provides retirement benefits for certain District of Columbia government employees. The application was granted and Ms. Griffin was placed on disability retirement status as of June 18, 1996, although she continued receiving worker compensation benefits at that time. Two years later, on March 26, 1998, Ms. Griffin elected to begin receiving a disability retirement annuity.

Ms. Griffin sought to have OPM grant credit towards her civil service retirement annuity for the period during which she was on disability retirement and was receiving worker compensation benefits (from June 18, 1996 until March 30, 1998). She contended that she was entitled to service credit for that period because the District of Columbia government was not supposed to have submitted her disability retirement application until her worker compensation benefits were exhausted, and that she was entitled to be treated as if she had continued to be employed during that period.

OPM rejected Ms. Griffin's claim for service credit for the disputed period. OPM noted that she had applied for disability retirement and that as of the time her disability retirement application was approved, she was no longer a D.C. government employee. In a reconsideration decision, OPM explained that an employee who receives worker compensation benefits in lieu of retirement benefits is considered to have the status of a retired annuitant unless the original annuity entitlement is terminated, which did not occur in Ms. Griffin's case. Accordingly, OPM explained, she was not entitled to have the period following her retirement included as service credit for purposes of calculating her civil service annuity.

Ms. Griffin appealed OPM's decision to the Board. Her appeal was consolidated with her claim against the District of Columbia government for constructive removal. The Board upheld OPM's decision denying her request for service credit for the period following the approval of her disability retirement application. With respect to her claim against the District of Columbia government, the Board dismissed that claim for lack of jurisdiction because she was not an employee of the federal government, as required by 5 U.S.C. §§ 7511–12, and thus the Board lacked jurisdiction over her adverse action

appeal. Ms. Griffin petitions this court for review of both decisions.

## DISCUSSION

Ms. Griffin raises a number of issues in her informal brief relating to her retirement, her service credits, and the calculation of various benefits that she contends she is owed. In this appeal, we address only those issues specifically decided by OPM and the Board.

■ Ms. Griffin argued before the Board that she should not be treated as having retired in June 1996 because the District of Columbia should not have submitted her retirement application to OPM at that time. She therefore contended that the period between June 1996 and March 1998 should be added to her period of service for purposes of computing her civil service annuity. As the Board noted, however, OPM is entitled to rely on the record received from the annuitant's employing agency, *Bacani v. Office of Pers. Mgmt.*, 64 M.S.P.R. 588, 593 (1994), and it is undisputed that Ms. Griffin applied for disability retirement in May 1996 and was granted retirement status in June 1996. The application is entitled "Application for Immediate Retirement," and is signed by Ms. Griffin and dated May 9, 1996. Thus, OPM properly found that Ms. Griffin retired and became an annuitant as of June 1996. We uphold the Board's determination that, based on the record OPM received, it did not err in determining that Ms. Griffin was retired as of June 1996 and that she was not entitled to service credit for the period between her retirement and March 1998.

■ As to Ms. Griffin's claim against the District of Columbia government, the Board correctly held that it did not have jurisdiction over that claim. The Board's jurisdiction is limited to employees of the federal government as defined by 5 U.S.C. § 7511. The District of Columbia Department of Corrections is an agency of the District of Columbia government, not the federal government. Although at one time the Board contracted with the District of Columbia government to hear appeals by District of Columbia employees, that arrangement terminated in 1980 and does not affect Ms. Griffin. Accordingly, the Board was correct in ruling that it lacked jurisdiction to hear her claim against the District of Columbia government.